[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10501

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JESUS LOPEZ-GARZA,
a.k.a. Amador Plancarte De La Cruz,
a.k.a. Ricardo Estrada De La O,
a.k.a. Antonio Lopez-Sandoval,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:21-cr-00022-TKW-MJF-1

_____

Before JORDAN, BRANCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Jesus Lopez-Garza appeals his within-Guidelines sentence of 420 months' imprisonment, imposed by the district court after he pled guilty to 4 criminal charges: (1) possession with intent to distribute 500 grams or more of methamphetamine; (2) possession of a firearm in furtherance of a drug trafficking crime; (3) illegal re-entry into the United States after deportation or removal; and (4) possession of a firearm by a convicted felon.  He argues that the district court committed procedural error by relying on a clearly erroneous fact and imposed a substantively unreasonable sentence by improperly weighing the 18 U.S.C. § 3553(a) factors.   After reviewing the record and reading the parties' briefs, we affirm Lopez-Garza's sentence.

I.

When reviewing a sentence for procedural reasonableness, we review whether the district court miscalculated the guideline range, treated the Sentencing Guidelines as mandatory, failed to consider the § 3553(a) factors, based the sentence on clearly erroneous facts or failed to adequately explain the sentence.  *United States v. Trailer*, 827 F.3d 933, 936 (11th Cir. 2016).  A district court

cannot sentence a defendant based on "groundless inferences." *United States v. Lopez*, 898 F.2d 1505, 1512 (11th Cir. 1990). A district court may, however, make reasonable inferences "based on common sense and ordinary human experience." *United States v. Philidor*, 717 F.3d 883, 885 (11th Cir. 2013). "For a factual finding to be clearly erroneous, [we] . . . must be left with a definite and firm conviction that a mistake has been committed." *United States v. Rodriguez-Lopez*, 363 F.3d 1134, 1137 (11th Cir. 2004) (quotation marks omitted).

## II.

On appeal, Lopez-Garza argues that the district court relied on erroneous facts, rendering his sentence procedurally unreasonable. Specifically, he contends that, contrary to the district court's finding, the Presentence Investigation Report ("PSI") did not indicate that he had "closer ties to the head of the supply chain" or that he was a high-level distributor of illegal drugs. Lopez-Garza asserts that, although he previously had been involved with the Mexican cartels, he informed the probation officer that he no longer worked for them and had paid them to leave him and his family alone. Thus, he claims that because the district court disregarded the lack of information in the PSI about his current cartel association and made a contrary finding to deny his motion for a downward variance, the district court imposed a procedurally unreasonable sentence.

The commentary to § 2D1.1 explains that drug purity "is probative of the defendant's role or position in the chain of

distribution" and "[s]ince controlled substances are often diluted and combined with other substances as they pass down the chain of distribution, the fact that a defendant is in possession of unusually pure narcotics may indicate a prominent role in the criminal enterprise and proximity to the source of the drugs." U.S.S.G. § 2D1.1, comment. (n.27(C)).

The record demonstrates that Lopez-Garza has failed to show that the district court abused its discretion by considering a clearly erroneous fact. The district court made a reasonable inference that Lopez-Garza was close to the top of the distribution chain, noting that his possession of methamphetamine at such a high purity level, his former ties to the Mexican cartel, and his lengthy involvement in selling narcotics all pointed to a position above that of a mid-level dealer. Further, the district court did not explicitly find that Lopez-Garza maintained a current association with the cartels and thereby could not have relied on this purportedly erroneous fact. Accordingly, we conclude that the district court did not commit a procedural error in sentencing Lopez-Garza.

## III.

In determining whether a sentence is substantively reasonable, we apply an abuse-of-discretion standard of review. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1255 (11th Cir. 2015). "The party challenging [the] sentence has the burden of showing that the sentence is unreasonable in light of the entire record, the § 3553(a) factors, and the substantial deference afforded [to] sentencing

courts." *Id.* at 1256. We may vacate the sentence only if "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors" by imposing a sentence that falls outside the range of reasonableness as dictated by the facts of the case. *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*) (quotation marks omitted).

## IV.

Lopez-Garza also contends that the district court imposed a substantively unreasonable sentence because it gave significant weight to an improper factor and failed to appropriately weigh other relevant factors. He maintains that his childhood circumstances alone warrant a downward variance, noting that he was recruited into drug trafficking at a young age, which then led to his drug addiction. Lopez-Garza argues that the district court failed to consider his ineligibility for rehabilitative programs because of his citizenship status which means that he cannot earn good time credit from participation in such programs. He asserts that the district court's failure to consider these relevant factors renders his sentence greater than necessary to achieve federal sentencing mandates and thus substantively unreasonable.

The district court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" listed in § 3553(a)(2), which include reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, affording adequate deterrence, protecting the public from the

defendant's further crimes, and providing the defendant with appropriate correctional treatment. 18 U.S.C. § 3553(a)(2). The district court must also consider the "nature and circumstances" of the offense and the "history and characteristics" of the defendant. *Id.* § 3553(a)(1). A district court "imposes a substantively unreasonable sentence only when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Rosales-Bruno*, 789 F.3d at 1256 (quotation marks omitted). We ordinarily assume that a sentence within the guideline range is reasonable. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

The weight accorded to any one § 3553(a) factor is a matter "committed to the sound discretion of the district court," and it may attach "great weight" to one factor over others. *Rosales-Bruno*, 789 F.3d at 1254 (quotation marks omitted). The district court need not explicitly address each of the § 3553(a) factors or all the mitigating evidence. *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007). Rather, "[a]n acknowledgment [that] the district court has considered the defendant's arguments and the § 3553(a) factors will suffice." *Gonzalez*, 550 F.3d at 1324.

The record demonstrates that the district court did not abuse its discretion when it denied Lopez-Garza's request for a downward variance because it acknowledged Lopez-Garza's upbringing and his ineligibility for rehabilitative treatment while

incarcerated. However, the district court found other factors more persuasive, specifically the dangerousness of the amount of methamphetamine found in Lopez-Garza's possession. The district court further noted Lopez-Garza's criminal history and his repeated arrests, deportations, and illegal re-entries into the United States to engage in criminal activity. Additionally, the district court sentenced Lopez-Garza at the bottom of his guideline range, further suggesting that his sentence is reasonable. The record demonstrates that the district court did not impose a substantively unreasonable sentence. Accordingly, based on the aforementioned reasons, we affirm Lopez-Garza's sentence.

**AFFIRMED.**